IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-03292-M-RJ

| | | |
|---|---|---|
| CARLOS R. NICHOLS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JODIE B. STRICKLAND, | ) | |
| | ) | |
| Defendant. | ) | |

On August 1, 2022, Carlos R. Nichols ("plaintiff"), a state inmate proceeding without prepayment of fees, filed *pro se* a complaint under 42 U.S.C. § 1983. See [D.E. 1, 4, 8]. The court now conducts its initial review under 28 U.S.C. § 1915A, and, for the reasons discussed below, dismisses this complaint for failure to state a claim upon which relief may be granted.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam)

(quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

## Plaintiff's Complaint:

Plaintiff generally alleges violations of his Fourteenth Amendment due process rights and identifies as the defendant Jodie B. Strickland ("defendant"). Compl. [D.E. 1] at 1. Plaintiff contends, in October or November 2020, he was charged with an A-10 prison disciplinary infraction for fighting with a weapon. Id. at 3. At a hearing, he pleaded guilty to the A-10 infraction and received as punishment, "20 days segregation time, 15 days credit time loss, 40 hours extra duty, privileges 60 days [sic], and 1-month limited draw [sic]." Id. Plaintiff alleges that, in November 2021, he learned his "promotional custody classification from one custody to the next lesser custody is being hindered [sic]" due to this guilty plea. Id. Plaintiff asserts defendant is the "coordinator over plaintiff's classification," and that defendant "has the overall

2

approval and disapproval powers as it relates to custody issues." Id. Plaintiff alleges defendant informed him that "'predator points' was restricting [sic] plaintiff from advancing to the next custody level for a duration up to (5) years." Id. Plaintiff contends he was unaware of this "punishment" at the time he pleaded guilty to the A-10 infraction. Id. at 4. Plaintiff further asserts that, because he was not informed of these custody classification ramifications attached to his disciplinary infraction guilty plea, and because there was no further process before this custody restriction was applied, he was wrongfully punished twice for the same infraction. Id. at 5.

For relief, plaintiff asks the court to: 1) order defendant's office to "cease additional punishment practice" or give "offenders a notice of additional punishment within the DHO hearing"; 2) find defendant violated his rights in the hearing; 3) find defendant "imposed a second greater punishment on the plaintiff"; 4) find defendant punished him double for the same infraction; 5) direct that his minimum custody status be immediately reinstated; and 6) grant him any monetary award deemed necessary and appoint him counsel. Id. at 4.

## Discussion:

First, to the extent plaintiff seeks appointment of counsel, no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989). "Exceptional circumstances" that contemplate appointment of counsel in *pro se* civil cases arise when a plaintiff lacks capacity to represent himself; this is a determination by the court that "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163.

This case is not complex and, because the filings indicate he is able to represent himself, plaintiff fails to show "exceptional circumstances" meriting appointment of counsel. Cf. id.

3

Next, to state a claim under the Due Process Clause of the Fourteenth Amendment, plaintiff must demonstrate that government action deprived him of life, liberty, or property. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). A court "first asks whether there exists a liberty or property interest which has been interfered with by the State." Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). If so, the court "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." Id.

A prisoner, however, is only entitled to procedural due process protections for a prison disciplinary proceeding that imposes a punishment that either alters "the duration of [an inmate's] sentence," or causes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484, 487 (1995); see Henderson v. Simms, 223 F.3d 267, 274 (4th Cir. 2000).

To the extent plaintiff asserts violations of his due process rights pursuant to defendant's involvement in prison disciplinary proceedings, plaintiff fails to plausibly allege a change of the duration of his sentence or the imposition of an "atypical and significant hardship."[1] Cf. Sandin, 515 U.S. at 487; see Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Twombly, 550 U.S. at 555

---

[1] To the extent plaintiff argues that the imposition of fifteen days of "credit time" loss lengthens his sentence, publicly available records reflect that plaintiff is serving a life sentence pursuant to, *inter alia*, his November 26, 1990, conviction for Second Degree Murder in Person County. See N.C. Dep't Pub. Safety, Offender Pub. Info. https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0301727&searchOffenderId=0301727&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (visited Apr. 12, 2023). Thus, plaintiff also lacks a cognizable liberty interest in sentence reduction credits. See Neal v. Thornton, No. 5:16-HC-2045-FL, 2018 WL 1403614, at *2 (E.D.N.C. Mar. 20, 2018) (noting, "under North Carolina law, sentence reduction credits do not shorten the length of a life sentence but merely apply to custody status, parole eligibility, and potential commutation.... Therefore, petitioner, as an inmate sentenced to life imprisonment in North Carolina, does not have liberty interest in sentence reduction credits." (citations omitted)).

("Factual allegations must be enough to raise a right to relief above the speculative level"); Riccio v. Cty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) ("Alleged violations of due process in the deprivation of a protectable interest are to be measured against a federal standard of what process is due and that standard is not defined by state-created procedures, even when those state-created procedures exceed the amount of process otherwise guaranteed by the Constitution.").

Plaintiff also lacks a cognizable liberty interest in his custody classification. See Meachum v. Fano, 427 U.S. 215, 225 (1976) (noting inmate custody classification is in the "wide spectrum of discretionary actions that traditionally have been the business of prison administrators rather than of the federal courts"); Adams, 40 F.3d at 75 ("Prisoners have no right under the Constitution to be held in either protective or minimum custody."); O'Bar v. Pinion, 953 F.2d 74, 84 (4th Cir. 1991) (noting, "administrative segregation and reclassification . . . are . . . discretionary administrative acts in which an inmate obtains no liberty interest under North Carolina law.").

Finally, because the complaint cannot be cured by amendment, dismissal is appropriate. See Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015).

## Conclusion:

For the reasons discussed above, the court DISMISSES the complaint for failure to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1). The Clerk shall close the case.

SO ORDERED this 13th day of April 2023.

RICHARD E. MYERS II
Chief United States District Judge

5